**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIA POWELL, on behalf of herself and all others similarly situated, | |
| *Plaintiff,* | DOCKET NO. 1:26-cv-03910-AT |
| - *vs.* – | |
| DC ALPINE PARTNERS, LLC, d/b/a SWEATBLOCK, | |
| *Defendant.* | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

THE SAMUEL LAW FIRM
Michael Samuel (MS-7997)
1441 Broadway, Suite 6085
New York, NY 10018
Tel: (212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Defendant*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................... 1

STATEMENT OF FACTS RELEVANT TO THIS MOTION ....................................................... 2

LEGAL ARGUMENT .................................................................................................................. 6

    I.   Plaintiff Lacks Standing to Bring Her Claims Because She Has Failed to Plead an Injury
        in Fact Pursuant to Fed. R. Civ. P. 12(b)(1) .............................................................. 6

        A.  Plaintiff Failed to Plausibly Allege a Concrete and Particularized Past Injury ............. 7

        B.  Plaintiff Failed to Plausibly Allege That the Alleged Accessibility Barriers Caused
            Her a Concrete and Particularized Injury ...................................................... 9

        C.  Plaintiff Failed to Plausibly Allege a Real and Immediate Threat of Future Injury ...... 13

    II.  The Complaint Should Be Dismissed for Failure to State a Claim Pursuant to Fed. R.
        Civ. P. 12(b)(6) ...................................................................................................... 17

        A.  Plaintiff's Allegations Are Internally Inconsistent and Therefore Implausible .......... 17

        B.  Plaintiff's Pattern of Serial Litigation Further Undermines the Plausibility of Her
            Allegations ........................................................................................... 20

    III.  Plaintiff's city law claims must be dismissed for the same reasons as her ADA
         claims must be ......................................................................................... 21

    IV.  Plaintiff is not entitled to a recovery of "civil penalties and fines" or punitive
         damages under the NYCHRL .................................................................... 21

    V.  Plaintiff's request for declaratory judgment should be dismissed as redundant ...... 23

CONCLUSION ........................................................................................................................ 24

CERTIFICATE OF COMPLIANCE ......................................................................................... 25

## TABLE OF AUTHORITIES

Cases                                                                                                           Pages

*Access 4 All, Inc., v. Thirty E. 30th St. LLC*, 2006 U.S. Dist. LEXIS 96742, at *35-36
    (S.D.N.Y. Dec. 11, 2006) ........................................................................................ 9-10

*Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140 (2nd Cir. 2011) ............................... 7-8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 15, 16, 17

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2nd Cir.2007) .............................17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............ 17

*Bernstein v. City of New York*, 621 F. App'x 56 (2nd Cir. 2015) ..................................................... 14

*Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2nd Cir. 2022). ....................7, 13, 15, 17

*Chauca v. Abraham*, 30 N.Y.3d 325, 89 N.E.3d 475 (2017)........................................................... 22

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ...................................................... 17

*Culwick v. Wood*, 384 F. Supp. 3d 328 (E.D.N.Y. 2019) ................................................................. 23

*Dominguez v. Athleta LLC*, 2021 WL 918314 (S.D.N.Y. Mar. 10, 2021) ................................. 14-15

*Dominguez v. Grand Lux Cafe LLC*, 2020 WL 3440788 (S.D.N.Y. June 22, 2020)....................... 14

*Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977 (S.D.N.Y. July 6, 2020) ........................14

*Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.5. 167 (2000) ....6

*Guglielmo v. Neb. Furniture Mart, Inc.,* 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020) ................. 13

*Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154 (2nd Cir. 2013) ........................................14

*Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2nd Cir. 2022) .............................................. 10, 11, 14

*Home Ins. Co. v. American Home Prods. Corp., 75 N.Y.2d 196, 551 N.Y.S.2d 481, 550 N.E.2d
    930 (1990)* ............................................................................................................ 22

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2nd Cir. 1993)................................................................. 23

*Jaquez v. Aqua Carpatica USA, Inc.*, 2021 WL 3727094 (S.D.N.Y. Aug. 20, 2021) ....... 9, 10, 13, 16

*Kleeberg v. Eber*, 2020 WL 4586904 (S.D.N.Y. Aug. 10, 2020),
    *on reconsideration in part*, 2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021) ..........................23

*Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118 (2nd Cir. 2006) ...........................................21

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2nd Cir. 2013) ...........................................10, 15

*Lopez v. Peapod, LLC*, 2021 WL 1108559, *3 (S.D.N.Y. Mar. 23, 2021) ...........................................6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).............................................................................6-7, 14

*Mendez v. Apple Inc.*, 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019)......................................................13

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2nd Cir. 2000)....................................................... 21

*Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966 (S.D.N.Y. Sept. 3, 2019) ............................... 21

*Rizzi v. Hilton Domestic Operating Co.,* 2019 WL 5874327, at *3-7, 2019 U.S. Dist. LEXIS
    120999, at *8-23 (E.D.N.Y. July 18, 2019) ........................................................................... 10

*Small v. Gen. Nutrition Companies, Inc.,* 388 F. Supp. 2d 83 (E.D.N.Y. 2005)....................................14

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)............................................. 6, 7, 9, 10

*Suris v. Collive Corp.,* 2022 WL 542987 (E.D.N.Y. Jan. 10, 2022), *report and
    recommendation adopted*, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022) .............................. 22

*Tavarez v. Moo Organic Chocolates, LLC*, 2022 WL 3701508 (S.D.N.Y. Aug. 26, 2022) ...............16

*Toro v. Gen. Store, LLC,* No. 1:22-CV-6130 (MKV), 2023 WL 4624690, at *3
    (S.D.N.Y. July 19, 2023) .............................................................................................................20-21

*TransUnion LLC v. Ramirez, --- U.S. ----,* 141 S. Ct. 2190, 2200, 210 L.Ed.2d 568 (2021) .... 11

*Velazquez v. Everlast Worldwide, Inc.* 2022 WL 16745767 (S.D.N.Y. Sept. 7, 2022) .................. 6

*Wahab v. White's Boots, Inc.*, No. 23-cv-9018, 2024 WL 3909083, at *4
    (S.D.N.Y. Aug. 16, 2024) ........................................................................................................ 13-14

Winegard v. Golftec Intell. Prop. LLC, No. 23-CV-1244 (BMC), 2023 WL 3672540,
    (E.D.N.Y. May 26, 2023) ............................................................................................................20

*Statues and Rules*

28 U.S.C. § 1367(c)................................................................................................................................21

Fed. R. Civ. P. 8(a)(2)...........................................................................................................................17

Fed. R. Civ. P. 12(b)(1) ..................................................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 2, 17

NYC Admin Code. Title 8, Ch. 1, § 8-127.........................................................................................21

Defendant DC ALPINE PARTNERS, LLC d/b/a SWEATBLOCK (hereinafter, "Defendant") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Complaint filed by plaintiff MARIA POWELL (hereinafter, "Plaintiff") with the United States District Court Southern District of New York on May 12, 2026 (the "Complaint"), pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

This is one of numerous substantially identical, fill-in-the-blank website accessibility lawsuits filed by Plaintiff and her counsel in this district between April 2026 and June 2026, alleging that the Defendant's business discriminates against blind and visually impaired consumers by maintaining an inaccessible Website in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq. ("ADA") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"), and seeking injunctive relief under that statute. But in truth, Defendant respectfully submits that these lawsuits appear to be part of a systematic effort to abuse the legal system in the wake of ambiguous regulatory requirements, all in a designed scheme to force quick monetary settlements from small businesses like Defendant.

Plaintiff's Complaint should be dismissed, first, pursuant to Fed. R. Civ. P. 12(b)(1), for failure to plausibly allege Article III standing. Specifically, the Complaint (1) fails to plead facts demonstrating a concrete and particularized past injury or a non-speculative future injury; (2) fails to identify with sufficient factual specificity the alleged accessibility barriers that purportedly prevented Plaintiff from the access to Defendant's Website, where those barriers were located, or how they prevented Plaintiff from accessing Defendant's Website or purchasing Defendant's products; (3) fails to plead facts demonstrating a genuine intent to purchase Defendant's products or return to Defendant's Website in the future; and (4) fails to allege how Plaintiff became aware of Defendant's Website or products, why Plaintiff sought to purchase Defendant's products rather

1

than comparable products available elsewhere, or how Plaintiff formed an intent to purchase the specific product identified in the Complaint despite allegedly being unable to navigate the Website or obtain the information necessary to make an informed purchasing decision.

Second, the Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because the Complaint does not state a plausible claim for relief. Rather than pleading facts specific to Defendant, Defendant's Website, or Plaintiff's purported attempt to purchase Defendant's products, the Complaint consists of generalized, conclusory, and substantially identical, fill-in-the-blank allegations that mirror numerous other complaints filed by Plaintiff and other plaintiffs represented by the same counsel. Such formulaic allegations are insufficient to state a plausible claim for relief.

Further, Plaintiff's additional claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") and claim for declaratory relief are also subject to dismissal for lack of subject matter jurisdiction if the federal claim is dismissed. Finally, Plaintiff's NYSHRL and NYCHRL claims are subject to failure to state a claim insofar as they seek civil penalties and punitive damages.

Accordingly, and for the reasons set forth more fully below, Defendant respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice.

## STATEMENT OF FACTS RELEVANT TO THIS MOTION

Plaintiff's allegations, summarized below, are set forth in the Complaint and are substantially similar to the allegations asserted in Plaintiff's six (6) other ADA website accessibility lawsuits filed between April 2026 and June 2026. A list of those actions is attached as **Exhibit A**.

Plaintiff alleges that she is a legally blind individual with a qualifying disability under the Americans with Disabilities Act. She alleges that she uses NVDA screen-reading software to enable

2

her to access information on the Internet, and that she was using NVDA when she purportedly accessed the Website. (*Complaint,* ¶¶ 1, 19, 20, 22).

Plaintiff alleges that version 2.1 of the WCAG is the well-established guidelines for making websites accessible to blind and visually impaired people. (*Id.* ¶ 6). Plaintiff does not allege that the WCAG 2.1 guidelines have the force of law, or that there exists any authority obligating Defendant to meet the WCAG 2.1 guidelines. (*See Complaint generally*).

Defendant owns and operates the Website, www.sweatblock.com (hereinafter, the "Website"). (*Id.* ¶ 21).

Plaintiff alleges generally that through the Website "Defendant sells antiperspirant, deodorant, and sweat-management products." (*Id.* ¶ 21). The Complaint lacks any factual allegations plausibly demonstrating how Plaintiff became aware of Defendant's products or Defendant's Website. Nor does it allege any prior familiarity with Defendant's products, any previous purchases, any recommendation by a reliable person, or any other facts demonstrating a genuine, product-specific interest in Defendant's products.

Plaintiff alleges that she visited the Website with intent to browse and purchase the DRIBOOST® Clinical Antiperspirant Wipes, Clinical Strength Antiperspirant Roll-On, and Sandalwood & Amber Clinical Deodorant Antiperspirant, because she experiences breakthrough sweating. (*Id.* ¶¶ 8, 23, 26, 29).

However, the Complaint does not allege how Plaintiff **became aware** that those particular products, were available on Defendant's Website, particularly in light of her allegations that the Website's accessibility barriers prevented her from navigating the Website and obtaining product information through its ordinary use. (*Id.* ¶¶ 24, 27, 30 and *Complaint generally*).

Likewise, the Complaint does not allege how Plaintiff could have **formed an intent** to purchase the DRIBOOST® Clinical Antiperspirant Wipes, Clinical Strength Antiperspirant Roll-On,

and Sandalwood & Amber Clinical Deodorant Antiperspirant specifically, particularly in light of her allegation that the Website's accessibility barriers prevented her from ability to obtain the product information necessary to evaluate, compare, and ultimately decide to purchase those products. Thus, Plaintiff asserts that she was unable to "determine whether the wipes were safe ", and what ingredients were contained in the products. (*Id.* ¶¶ 24, 27, 30, and *Complaint generally*).

The Complaint further fails to allege any **facts** plausibly showing (a) **why** Plaintiff selected Defendant's Website as opposed to numerous other retailers offering antiperspirant and deodorant products; or (b) that the allegedly desired products are unique or rare in any respect and therefore could not be easily obtained from any other seller.

Although Plaintiff repeatedly asserts that Defendant's products are "uniquely marketed," "not widely available in physical stores," and that she specifically sought those Defendant's products because of their "unique availability", those allegations are entirely conclusory. (Compl. ¶¶ 11, 22, 32-33.) The Complaint contains **no** factual allegations identifying any competing retailers, alleging that Plaintiff searched for comparable products elsewhere, that she took any steps and/or made any effort to purchase antiperspirant and deodorant products from any other retailer, explaining why comparable clinical-strength products would not satisfy her alleged needs, or otherwise establishing what unique characteristics of the Defendant's products possess differ them from numerous competing manufacturers. (*See* Complaint generally).

Plaintiff alleges that, while visiting the Website, she allegedly encountered multiple access barriers that purportedly denied her equal use and enjoyment of the Website (*Id.* ¶ 9) and generally describes them in paragraphs 24, 27 and 30. (*Id.* ¶¶ 24, 27, 30).  However, Plaintiff does not specify where exactly on the Website (e.g., at which page or URL) she supposedly encountered these barriers. Most importantly, Plaintiff does not articulate how these alleged barriers caused her injury, other than a conclusory assertion that they denied Plaintiff obtaining the product

4

information and caused her inability to complete a purchase. (*Id.* ¶¶ 24, 27, 30, and Complaint generally). Accordingly, the Complaint is unclear as to what, if anything, purportedly prevented Plaintiff from completing a transaction on the Website.

Plaintiff also generally asserts that Sort Site and WAVE audits of the Website revealed missing alternative text, linked images missing alternative text, broken ARIA references, skipped heading levels, broken same-page links, redundant links, device-dependent event handlers, and very small text (*Id.* ¶ 9) and attaches as Exhibit B to the Complaint automated Sort Site and WAVE accessibility reports identifying numerous alleged accessibility issues on various pages of Defendant's Website. However, the Complaint does not allege that Plaintiff personally encountered any of the specific barriers identified in those reports. Nor does Plaintiff identify which, if any, of the reported issues allegedly prevented her from accessing Defendant's Website or completing purported purchase. (*See Complaint generally*). The mere existence of automated accessibility findings, without factual allegations establishing that Plaintiff personally encountered and was affected by those specific barriers, is insufficient to plausibly allege a concrete and particularized injury.

Plaintiff alleges in her Complaint that she visited the Defendant's Website on three occasions – on January 22, 2026, February 14, 2026, and March 10, 2026. (*Id.* ¶¶ 23, 26, 29). Plaintiff does not allege any other dates on which she visited the Website prior to filing this lawsuit, nor does she allege that she **regularly** or **repeatedly** visited the Website. (*See Complaint generally*).

Plaintiff further makes the conclusory assertion that "Plaintiff's intent to return to … [the Website] … is concrete and credible" and that she intends to return to the Website and purchase the desired products once the Website is remediated. (*Id.* ¶ 33).

However, aside from these speculative, conclusory, and vague "someday" assertions, the

5

Complaint is bereft of any factual allegations plausibly demonstrating that Plaintiff has a concrete and credible intention to return to the Website in the future. (*See Complaint generally)*. In particular, the Complaint fails to allege: (1) the description of any concrete plans to revisit the Website; or (2) indeed any explanation as to why Plaintiff intends to wait until the Website is remediated before purchasing the desired antiperspirant and deodorant products, rather than purchasing comparable products from another dermatologist-recommended retailer at the present time. (*See Complaint generally*).

**LEGAL ARGUMENT**

### I.  **Plaintiff Lacks Standing to Bring Her Claims Because She Has Failed to Plead an Injury in Fact Pursuant to Fed. R. Civ. P. 12(b)(1)**

When presented with multiple grounds for dismissal, "the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has subject matter jurisdiction necessary to consider the merits of the action." *Lopez v. Peapod, LLC*, 2021 WL 1108559, *3 (S.D.N.Y. Mar. 23, 2021) (ADA accessibility claim) (quotation omitted); see also *Velazquez v. Everlast Worldwide, Inc.* 2022 WL 16745767 (S.D.N.Y. Sept. 7, 2022) (court *sua sponte* issuing order to show cause for dismissal of ADA accessibility claim due to lack of standing).

Plaintiff bears the burden of establishing Article III elements of standing because he invoked this Court's jurisdiction by bringing a claim under the ADA. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016). To satisfy that burden, plaintiff must sufficiently plead: "(l) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc.*, 528 U.S. 167, 180-81 (2000). "A harm is "particularized" if it "affect[s] the plaintiff in a

6

personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n. l (1992). An injury is "concrete" if it is "de facto"; that is, it must actually exist rather than being only "abstract." *Spokeo*, 36 S.Ct. at 1548. In *Spokeo*, the Supreme Court held that a party does not "automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1549.

In the context of ADA website accessibility claims, a plaintiff seeking prospective injunctive relief must plausibly allege both a past injury and a real and immediate threat of future injury. Conclusory allegations of an intent to return, unsupported by factual allegations demonstrating a genuine desire to patronize the defendant's business, are insufficient to establish standing. *Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68, 76-77 (2d Cir. 2022).

The same pleading deficiencies are present in the instant case. Plaintiff fails to allege facts sufficient to show that he suffered an injury in fact because the Complaint omits the basic factual information necessary to establish that Plaintiff suffered an injury that is "concrete and particularized." *Calcano*, citing *Lujan v. Defs. of Wildlife*, 504 U.S. at 560, 112 S.Ct. 2130.

### A. <u>Plaintiff Failed to Plausibly Allege a Concrete and Particularized Past Injury</u>

To establish a concrete and particularized injury in an ADA website accessibility action, plaintiff must plead the sufficient factual allegations demonstrating that he genuinely sought to purchase defendant's products, while the alleged accessibility barriers interfered with that intended transaction. Conclusory allegations are insufficient. Rather, the Complaint must contain enough factual matter to plausibly establish that plaintiff personally suffered an injury in fact. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74-77 (2d Cir. 2022); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016).

Moreover, a court is not required to "'credit a complaint's conclusory statements' when considering whether a plaintiff has alleged facts sufficient to support standing." *Amidax Trading*

*Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145-46 (2d Cir. 2011).

Here, Plaintiff's alleged injury is premised upon her claimed inability to purchase products from Defendant's Website. However, the Complaint omits the basic factual allegations necessary to plausibly demonstrate that Plaintiff genuinely intended to purchase Defendant's products or that the alleged accessibility barriers interfered with any genuine purchasing decision. Specifically, the Complaint fails to plausibly allege:

(1)     how Plaintiff became aware of Defendant's products or Defendant's Website, or that Plaintiff has ever purchased any of Defendant's products in the past;

(2)     how Plaintiff **became aware** that the particular products, the DRIBOOST® Clinical Antiperspirant Wipes, Clinical Strength Antiperspirant Roll-On, and Sandalwood & Amber Clinical Deodorant Antiperspirant, were available on Defendant's Website, particularly in light of her allegations that the Website's accessibility barriers prevented her from navigating the Website and obtaining product information through its ordinary use;

(3)     how Plaintiff could have **formed an intent** to purchase the particular products, the DRIBOOST® Clinical Antiperspirant Wipes, Clinical Strength Antiperspirant Roll-On, and Sandalwood & Amber Clinical Deodorant Antiperspirant specifically, particularly in light of her allegation that the Website's accessibility barriers prevented her from ability to obtain the product information necessary to evaluate, compare, and ultimately decide to purchase those products;

(4)     why Plaintiff selected Defendant's Website as opposed to numerous other dermatologist-recommended retailers offering similar products, or that Defendant offers products that are unique;

(5)     why the Defendant's products are unique in comparison with the similar dermatologist-recommended products;

(6)     whether Plaintiff took any steps and/or made any effort to purchase similar

8

dermatologist-recommended products from any other reputable retailer; and

(7)    that Plaintiff regularly or repeatedly visited Defendant's Website before commencing this action.

The omission of these basic factual allegations leaves the Court with nothing more than Plaintiff's conclusory assertion that she intended to purchase Defendant's products and was prevented from doing so by the alleged accessibility barriers. Such conclusory allegations are insufficient to establish a concrete and particularized injury under Article III. *Calcano*, 36 F.4th at 74-77; *Spokeo*, 136 S. Ct. at 1548-49.

Thus, even accepting Plaintiff's allegations as true, all that can be gleaned from the Complaint is that Plaintiff expressed **only a vague, preliminary interest** in determining, whether the identified products were suitable for her needs before deciding whether to purchase them. Plaintiff repeatedly alleges that she was unable to review the products' ingredients, usage instructions, and other information necessary to evaluate the products. Those allegations are inconsistent with the assertion that Plaintiff had already formed a genuine intent to purchase the specific products identified in the Complaint. Rather, they demonstrate only a preliminary interest in evaluating the products to determine whether they were suitable for purchase. However, Article III standing requires more. See *Jaquez v. Aqua Carpatica USA, Inc.*, 2021 U.S. Dist. LEXIS 157918, at *8 (S.D.N.Y. Aug. 20, 2021) ("It is not sufficient to claim that [plaintiff] suffered an injury in fact by casually going on the website with the intent of browsing and potentially purchasing a product.").

### B. Plaintiff Failed to Plausibly Allege That the Alleged Accessibility Barriers Caused Her a Concrete and Particularized Injury

Standing is a threshold question, *see, e.g.,* "[e]nsuring that standing requirements are met by each plaintiff in each lawsuit brought under the [Disability Laws] enables courts to ensure that

the [Disability Laws are] not being abused but rather is having its intended effect of allowing disabled persons to participate fully in society." *Access 4 All, Inc., v. Thirty E. 30th St. LLC*, 2006 U.S. Dist. LEXIS 96742, at *35-36 (S.D.N.Y. Dec. 11, 2006). To satisfy the constitutional requirements of standing, "the injury in fact, … must be (a) concrete and particularized, and (b) actual or imminent." *Kreisler v. Second Ave. Diner Corp*, 731 F.3d 184, 187 (2d Cir. 2013). To be particularized and concrete, the injury must "affect the plaintiff in a personal and individual way," *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)). "Where, as here, a plaintiff seeks injunctive relief, [s]he must also prove that the identified injury in fact presents a likelihood of future harm." *Jaquez v. Aqua Carpatica USA, Inc.*, 2021 U.S. Dist. LEXIS 157918, at *8 (S.D.N.Y. Aug. 20, 2021) (internal quotations omitted).

To satisfy the requirement that a plaintiff has suffered a concrete and particularized injury, the plaintiff must demonstrate "facts sufficient to establish that he has been injured by those violations[.] It is not enough to merely allege that a violation exists." *Rizzi v. Hilton Domestic Operating Co.,* 2019 WL 5874327, at *3-7, 2019 U.S. Dist. LEXIS 120999, at *8-23 (E.D.N.Y. July 18, 2019) (finding that a visually impaired plaintiff lacked standing to challenge barriers to access on a hotel's booking website where he failed to allege details about which of multiple websites he visited, what specific barriers he encountered, how he was impacted, or which websites he intended to return to in the future). "There are no injuries in fact pleaded" where "the purported injuries described lack all the requisite specificity." *Mendez*, 2019 U.S. Dist. LEXIS 110640, at *3-4.

Here, Plaintiff alleges that Defendant's Website is not fully accessible to visually impaired individuals, but the mere existence of an alleged accessibility violation does not establish Article III injury. Plaintiff does not allege facts plausibly showing that she personally suffered any "concrete and particularized" injury from the alleged barriers. Plaintiff only generally alleges injury from her supposed inability to purchase desired products. However, where, as here, a plaintiff claims that

10

he was denied access to information, he "must also allege downstream consequences from failing to receive the required information in order to have an Article III injury in fact." *Harty v. W. Point Realty, Inc.*, 28 F.4th at 444. Put simply, "[n]o concrete harm, no standing." *TransUnion LLC v. Ramirez*, ––– U.S. ––––, 141 S. Ct. 2190, 2200, 210 L.Ed.2d 568 (2021).

Plaintiff alleges that, while visiting the Website, she allegedly encountered multiple access barriers that purportedly denied her equal use and enjoyment of the Website and generally describes them. However, Plaintiff does not specify where exactly on the Website (e.g., at which page or URL) she supposedly encountered these barriers. Most importantly, Plaintiff does not articulate how these alleged barriers caused her injury, other than a conclusory assertion that they denied Plaintiff obtaining the product information and caused her inability to complete a purchase. Accordingly, the Complaint is unclear as to what, if anything, purportedly prevented Plaintiff from completing a transaction on the Website.

Plaintiff also generally asserts that Sort Site and WAVE audits of the Website revealed missing alternative text, linked images missing alternative text, broken ARIA references, skipped heading levels, broken same-page links, redundant links, device-dependent event handlers, and very small text and attaches as Exhibit B to the Complaint automated Sort Site and WAVE accessibility reports identifying numerous alleged accessibility issues on various pages of Defendant's Website. However, the Complaint does not allege that Plaintiff personally encountered any of the specific barriers identified in those reports. Nor does Plaintiff identify which, if any, of the reported issues allegedly prevented her from accessing Defendant's Website or completing purported purchase. The mere existence of automated accessibility findings, without factual allegations establishing that Plaintiff personally encountered and was affected by those specific barriers, is insufficient to plausibly allege a concrete and particularized injury.

Although Plaintiff describes numerous alleged accessibility issues she purportedly

11

encountered while attempting to purchase three specific products, the Complaint never identifies the point at which Plaintiff's alleged purchasing attempt actually failed. It remains unclear whether Plaintiff claims she was unable to identify the products, determine their prices, review their descriptions, add an item to the shopping cart, access the shopping cart, initiate checkout, enter shipping information, enter payment information, or submit an order. Without identifying the particular transactional step that allegedly became impossible because of Defendant's conduct, the Complaint fails to plausibly allege how the asserted accessibility barriers caused Plaintiff's inability to complete a purchase.

Plaintiff repeatedly alleges that certain product images lacked meaningful alternative text. Yet the Complaint never explains what information contained in those images was unavailable elsewhere on the product pages or why the allegedly missing alternative text prevented Plaintiff from purchasing the products. Nor does Plaintiff allege that the products' names, prices, descriptions, or other essential purchasing information appeared exclusively within those images. Without factual allegations connecting the allegedly missing alternative text to Plaintiff's inability to complete the purchase, the Complaint fails to plausibly allege that those asserted deficiencies caused Plaintiff's injury.

Most importantly, Plaintiff does not articulate how these alleged barriers caused her injury, other than a conclusory assertion that they denied Plaintiff obtaining the product information and caused her inability to complete a purchase. Therefore, Plaintiff's allegations are too vague to adequately establish that she suffered a deterrence injury, and Plaintiff failed to demonstrate a causal connection between the injury and the conduct complained of.

Accordingly, while the Complaint uses accessibility terminology, it does not plead facts showing how those alleged technical issues caused Plaintiff's concrete injury. The allegations remain insufficient because they do not plausibly connect the alleged barriers to Plaintiff's

12

asserted inability to purchase the identified products or to any real and immediate threat that Plaintiff will be injured in the same way in the future.

Courts in this District have repeatedly dismissed ADA website accessibility complaints that fail to allege facts sufficient to establish a concrete and particularized injury in fact, notwithstanding allegations describing various website accessibility barriers. In *Jaquez v. Aqua Carpatica USA, Inc.*, 2021 U.S. Dist. LEXIS 157918, at *4 (S.D.N.Y. Aug. 20, 2021), the court dismissed an ADA website accessibility action because the complaint failed to plead sufficient facts establishing Article III standing. Likewise, in *Mendez v. Apple Inc.*, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019), the court held that allegations describing various accessibility barriers were insufficient to establish an injury in fact where the complaint failed to plead a concrete injury. As the court observed, "[t]hose who live by the photocopier shall die by the photocopier. By failing specifically to assert any concrete injury, Plaintiff's claims fail as a matter of law." *Id.* at *4. See also *Guglielmo v. Neb. Furniture Mart, Inc.*, 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020).

C. **Plaintiff Failed to Plausibly Allege a Real and Immediate Threat of Future Injury**

Where, as here, a Plaintiff seeks injunctive relief, he must plausibly allege that the identified injury in fact presents a "real and immediate threat of future injury," often referred to as a "likelihood of future harm." *Jaquez v. Aqua Carpatica USA, Inc., 2021 U.S. Dist. LEXIS 157918, at *8 (S.D.N.Y. Aug. 20, 2021)*. In the ADA context, that means that Plaintiff must plausibly allege (1) a past injury under the ADA; (2) that it is reasonable to infer that the discriminatory treatment will continue; and (3) that it is reasonable to infer that Plaintiff genuinely intends to return. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. June 2, 2022).

Accordingly, to obtain injunctive relief, Plaintiff must plausibly demonstrate that she is likely to be harmed again in a similar way and that the threatened injury is actual and imminent, not merely speculative. *Wahab v. White's Boots, Inc.*, No. 23-cv-9018, 2024 WL 3909083, at *4

13

(S.D.N.Y. Aug. 16, 2024). "[V]ague assertions" bereft of "basic information" are insufficient to allege "an injury that is 'concrete and particularized.'" *Calcano*, 36 F.4th at 76–77 (quoting *Lujan v. Defs. Wildlife*, 504 U.S. 555, 560 (1992).

The central inquiry is not whether a complaint merely pleads the magic words that plaintiff "intends to return," but whether, considering the totality of the pleaded facts, the plaintiff plausibly alleges a real and immediate threat of future injury.

The plaintiff must allege specific facts that "show a plausible intention or desire to return to the place but for the barriers to access." *Small v. Gen. Nutrition Companies, Inc.,* 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005). As noted above, the Second Circuit has laid out several factors to consider. In the context of a website, "proximity" is not a meaningful concept, but plaintiff cannot simply assert vague claims that "in the future" the plaintiff intends to use the website to complete a transaction. *Harty v. W. Point Realty, Inc*., 28 F.4th 435 (2nd Cir. 2022)("'[S]ome day' intentions – without any description of concrete plans, or indeed even any specification of when the someday will be – do not support a finding of the 'actual or imminent' injury" that Article III requires."); *Dominguez v. Pizza Hut of Am*., *LLC*, 2020 WL 3639977, at *2 (S.D.N.Y. July 6, 2020)(assertion of intent to return when alleged barriers have been rectified is insufficient.) Rather, to establish this factor, "[t]he plaintiff must allege specific facts that 'show a plausible intention or desire to return to the place but for the barriers to access.'" *Dominguez v. Grand Lux Cafe LLC*, 2020 WL 3440788, at *3 (S.D.N.Y. June 22, 2020). *See*, e.g., *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2nd Cir. 2013) (pleading that one travels frequently does not show intent to return to a specific hotel); *Bernstein v. City of New York*, 621 F. App'x 56, 58–59 (2nd Cir. 2015)(alleging that one has visited Central Park many times in the past is not sufficient to show intent to return in the future); *Dominguez v. Athleta LLC*, 2021 WL 918314, at *3 (S.D.N.Y. Mar. 10, 2021)("indefinite"

14

plan to return to store is conclusory; furthermore, fact of filing "at least 24 nearly identical complaints against other retailers... undermines the sincerity of Plaintiff's alleged intent to return").

Moreover, just recently the Second Circuit addressed the very question of the required pleading standards (albeit in the context of gift cards). It explained that merely parroting the Second Circuit's language from *Kreisler*—proximity, being a past customer, intent to return—is really "nothing more than 'legal conclusion[s] couched as ... factual allegation[s].'" *Calcano v. Swarovski North America Limited*, 36 F.4th 68, 76 (2nd Cir. 2022). The Second Circuit *rejected* the idea that a court is required to accept vague assertions, and pointed out that to "nudge [plaintiffs'] claims 'across the line from conceivable to plausible,'" *Id.* at *5 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)) they needed to, e.g., provide details of past visits or the frequency of such visits (rather than just saying "on prior occasions"), explain what items they purchased in the past, why they want to purchase particular goods now, and why they would do so "immediately" when those goods became accessible. *Calcano*, 36 F.4th at 77. Plaintiff herein provides none of that sort of specificity, *or any other relevant facts*.

Here, as discussed above, Plaintiff fails to plausibly demonstrate that she had a genuine intention to purchase Defendant's products either at the time of her alleged visits or in the future. Instead, the Complaint reflects only conclusory allegations of a desire to purchase Defendant's products, unsupported by the factual allegations necessary to render that assertion plausible.

Aside from these speculative, conclusory, and vague "someday" assertions, Plaintiff does not plead any factual allegations plausibly demonstrating that Plaintiff has a concrete and credible intention to return to the Website in the future. In particular, the Complaint fails to allege: (1) the description of any concrete plans to revisit the Website; or (2) indeed any explanation as to why Plaintiff intends to wait until the Website is remediated before purchasing the desired

15

antiperspirant and deodorant products, rather than purchasing comparable products from another dermatologist-recommended retailer at the present time.

This conclusion is further reinforced by the broader context of Plaintiff's litigation history. Plaintiff has filed seven substantially similar ADA website accessibility actions between April 2026 and June 2026. *See* **Exhibit A**. Although serial litigation does not itself defeat standing, the Second Circuit expressly recognized that a pattern of substantially identical "cut-and-paste and fill-in-the-blank pleadings" may properly be considered when evaluating the plausibility of a plaintiff's alleged intent to return. *Calcano*, 36 F.4th at 77. Here, each of Plaintiff's seven complaints contains substantially identical, non-specific allegations regarding her purported intent to return, further undermining the plausibility of her claimed future injury.

Applying Calcano, courts in this District have continued to dismiss ADA website accessibility complaints that fail to plead concrete facts supporting a genuine intent to return. *Tavarez v. Moo Organic Chocolates, LLC*, 2022 WL 3701508 at *4 (S.D.N.Y. Aug. 26, 2022) (failure to allege any facts about past visits or specifics of future intentions prevented court from plausibly concluding an intent to return); see also *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Thus, even accepting Plaintiff's allegations as true, the Complaint contains nothing more than conclusory assertions that Plaintiff intends to return to Defendant's Website at some unspecified time in the future. The Complaint contains no factual allegations demonstrating a concrete plan to return, a genuine intention to purchase Defendant's products upon returning, or a plausible explanation why Plaintiff would defer purchasing comparable products from other retailers while waiting for Defendant's Website to be remediated. However, Article III standing requires more. *See Jaquez v. Aqua Carpatica USA, Inc.*, No. 20-CV-8487, 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021).

II.    **The Complaint Should Be Dismissed for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)**

A.    **Plaintiff's Allegations Are Internally Inconsistent and Therefore Implausible**

Even assuming that Plaintiff has adequately alleged Article III standing, the Complaint should nevertheless be dismissed pursuant to Rule 12(b)(6) for failure to state a plausible claim for relief. Fed. R. Civ. P. 8(a)(2), requires "`a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to `give the Defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, v 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must provide the grounds upon which the claims rest, through factual allegations sufficient to raise a right to relief above the speculative level. *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2nd Cir.2007) (*citing Twombly*, 127 S. Ct. at 1965). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The plausibility standard... asks for more than a sheer possibility that a Defendant has acted unlawfully." *Id*. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." *Id*.

To be sure, before *Calcano* some courts found that even such vague descriptions of website problems could be sufficient, in the context of a motion to dismiss, to "nudge [] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. While defendant would dispute that assessment even under ordinary circumstances, defendant respectfully suggests that this Court should look at these sorts of vague allegations with an even more jaundiced eye in the

17

context of a serial ADA plaintiff who almost the same word-for-word allegations about dozens of different defendants.

Measured against these pleading standards, Plaintiff's Complaint is facially implausible because it contains numerous internal inconsistencies and conclusory allegations unsupported by sufficient factual allegations. In particular:

(1)    Plaintiff alleges that the Website's accessibility barriers prevented her from obtaining important information about Defendant's products and determining whether the identified products were suitable for her needs before deciding whether to purchase them. Yet, despite this assertion, Plaintiff simultaneously alleges that she specifically intended to purchase the DRIBOOST® Clinical Antiperspirant Wipes, Clinical Strength Antiperspirant Roll-On, and Sandalwood & Amber Clinical Deodorant Antiperspirant - without any plausible explanation how, despite her inability to navigate the Website or obtain the necessary product information, she became aware of any specific products and formed a preference for them over the numerous other products allegedly offered on the Website.

(2)    Plaintiff alleges that she intended to purchase those three specific products. However, the Complaint contains no factual allegations explaining how Plaintiff discovered that those products were available on Defendant's Website in the first instance, particularly given her allegation that the Website's accessibility barriers prevented her from identifying and evaluating Defendant's products through ordinary use of the Website.

(3)    Plaintiff vague and conclusory alleges that Defendant's products are "uniquely marketed," "not widely available in physical stores," and that she specifically sought those Defendant's products because of their "unique availability". However, Plaintiff provides no factual allegations identifying any competing retailers, alleging that Plaintiff searched for comparable products elsewhere, that she took any steps and/or made any effort to purchase antiperspirant

18

and deodorant products from any other retailer, explaining why comparable clinical-strength products would not satisfy her alleged needs, or otherwise establishing what unique characteristics of the Defendant's products possess differ them from numerous competing manufacturers.

(4)    Plaintiff alleges that she encountered numerous accessibility barriers while attempting to use the Website. Although the Complaint contains lengthy descriptions of those alleged barriers, Plaintiff fails to plausibly allege how any particular barrier actually prevented her from completing any specific step of the purchasing process. The Complaint does not explain which alleged barrier prevented Plaintiff from identifying products, selecting product options, adding products to the shopping cart, navigating to the checkout page, completing checkout fields, submitting payment information, or otherwise completing the transaction. Instead, Plaintiff merely concludes that she was unable to complete a purchase.

(5)    Plaintiff alleges that she intends to return to Defendant's Website once it becomes accessible. Yet the Complaint contains no factual allegations supporting that assertion. Plaintiff does not plausibly allege (a) the description of any concrete plans to revisit the Website; or (b) indeed any explanation as to why Plaintiff intends to wait until the Website is remediated before purchasing the desired antiperspirant and deodorant products, rather than purchasing comparable products from another dermatologist-recommended retailer at the present time.

Taken together, these internal inconsistencies demonstrate that Plaintiff's allegations are not merely conclusory, but facially implausible. Rather than pleading a coherent factual narrative demonstrating that Defendant's alleged accessibility barriers prevented Plaintiff from purchasing Defendant's products, the Complaint consists largely of legal conclusions accompanied by factual allegations that are internally inconsistent or unsupported by the facts alleged elsewhere in the Complaint. Such allegations are insufficient to satisfy the pleading standards established by

19

*Twombly* and *Iqbal*.

**B.**    <u>**Plaintiff's Pattern of Serial Litigation Further Undermines the Plausibility of Her Allegations**</u>

The implausibility of Plaintiff's allegations is further reinforced by the broader context in which this action was filed. As discussed above, publicly available PACER records reflect that Plaintiff commenced seven (7) substantially similar ADA website accessibility actions in the Southern District of New York between April 2026 and June 2026, all represented by the same counsel. A list of those actions is attached hereto as **Exhibit A**.

The lawyers who regularly file these cases have hijacked a statute designed to legitimately preclude commercial discrimination against disabled consumers as a vehicle for corporate shakedowns. Specifically, Plaintiff's counsel, Robert L. Schonfeld, an attorney with Joseph & Norinsberg, LLC, has filed over 124 (and counting) nearly identical ADA accessibility lawsuits in this Court on behalf of visually-impaired plaintiffs, for the short period - from August 2025 to present. *See* **Exhibit B**.

Plaintiff and her counsel will likely ask this Court to ignore their serial litigation history. But it is important to consider that Congress did not enact the ADA to encourage serial filers like Plaintiff filing implausible claims. As was recently recognized in this District, a case like this "saps judicial resources, wastes attorneys' and litigants' time, and ultimately mock[s] the statute's mission." *Winegard v. Golftec Intell. Prop. LLC*, No. 23-CV-1244 (BMC), 2023 WL 3672540, at *5 (E.D.N.Y. May 26, 2023). "The limited resources of the federal courts need to be marshaled for resolving genuine disputes, not to provide a platform for extracting nuisance settlements that do little, if anything, to further the important goals of the ADA." *Id.* (emphasis added). Thanks to a series of decisions recognizing that serial ADA filers often fail to satisfy the threshold issue of justiciability, ADA serial website complaints are now reviewed "with a critical eye to ensure that

[the plaintiff] seeks relief for harms honestly endured and not merely manufactured." *Toro v. Gen. Store, LLC*, No. 1:22-CV-6130 (MKV), 2023 WL 4624690, at *3 (S.D.N.Y. July 19, 2023). Gone are the days where implausible boilerplate allegations of injury—like those in the Complaint—can survive dismissal.

### III. Plaintiff's city law claims must be dismissed for the same reasons as her ADA claims must be

In general, disability discrimination claims under the parallel city disability discrimination laws are evaluated under the same standards as the ADA. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n.1 (2nd Cir. 2000); *Range v. 535 Broadway Grp. LLC*, 2019 WL 4182966, at *6 (S.D.N.Y. Sept. 3, 2019) (failure to state a claim under the ADA means that NYSHRL and NYSCRL claims also fail.) Alternatively, having dismissed plaintiff's only federal claim in this case, this Court should decline to exercise supplemental jurisdiction over plaintiff's city law claims and dismiss them pursuant to 28 U.S.C. § 1367(c). *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2nd Cir. 2006) (in the usual case in which all federal-law claims are eliminated before trial, courts should decline jurisdiction over the non-federal claims).

### IV. Plaintiff is not entitled to a recovery of "civil penalties and fines" or punitive damages under the NYCHRL

Even if Title III of the Americans with Disabilities Act covered defendant's intangible business, plaintiff would not be entitled to most of the relief she seeks. Plaintiff states that she seeks to recover "civil penalties and fines" pursuant to the NYCHRL. But she is not entitled to such. Civil penalties and fines under the NYCHRL are payable to the city, not to a private plaintiff. NYC Admin Code. Title 8, Ch. 1, § 8-127(a) .. ("Any civil penalties recovered pursuant to this *chapter shall be paid into the general fund of the city.")*

Plaintiff further seeks punitive damages, but the standard for obtaining that relief is high and cannot be met here. The New York Court of Appeals explained that punitive damages require

21

conduct that "goes beyond mere negligence"; they are available only for those who have "engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" *Chauca v. Abraham*, 30 N.Y.3d 325, 334, 89 N.E.3d 475, 481 (2017) (*quoting Home Ins. Co. v. American Home Prods. Corp.*, 75 N.Y.2d 196, 203–204, 551 N.Y.S.2d 481, 550 N.E.2d 930 (1990)) (rejecting the notion that a mere showing of discrimination made punitive damages automatically available).

Here, Plaintiff has not pleaded any specific facts to support any such heightened standard. Indeed, other than a conclusory use of the word "willful," he does not allege anything to suggest that Defendant's purported website violations had a "high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." She does not, for instance, plead that Defendant refused to remedy violations after those violations were brought to Defendant's attention; she merely pleads that the violations occurred. (To be sure, plaintiff does *use* the word "refusal" in her complaint. But she pleads no *facts* to support that conclusory allegation.) Notably, in keeping with this law firm's scheme in bringing hundreds of these cookie cutter claims, Plaintiff does not claim to, and did not, contact Defendant in any manner with any concern prior to these lawyers filing the suit. But while those violations could be enough (if proved) to support liability for a violation of the applicable law, *Chauca* <u>expressly</u> rejected the notion that punitive damages are available "whenever liability, vicarious or direct, is demonstrated." *Id*. at 17. And if that is insufficient to support an award of punitive damages, then the conclusory alleging it is insufficient to satisfy the pleading burden, and the request for punitive damages must be dismissed. *See Suris v. Collive Corp.,* 2022 WL 542987, at *6 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022) (denying request for punitive damages because generic pleading of failure to make site accessible does not establish willful or wanton negligence or

22

recklessness).

**V.    Plaintiff's request for declaratory judgment should be dismissed as redundant**

In Fifth Cause of Action of her complaint, Plaintiff asserted a claim for declaratory judgment that Defendant violated the ADA (42 U.S.C. §§ 12182, et seq.), and the NYCHRL (N.Y.C. Admin. Code § 8-107, et seq.) by failing to maintain an accessible website. But First Cause of Action of the Complaint alleged that Defendant violated the ADA by failing to maintain an accessible website. Second, Third and Fourth Causes of Action of the Complaint allege that defendant violated the NYSHRL, NYCRL and NYCHRL by failing to maintain an accessible website. In short, the Fifth Cause of Action seeks a declaratory judgment regarding the same rights and obligations at issue in Plaintiff's First, Second, Third, and Fourth Causes of Action, rendering the declaratory judgment claim entirely redundant.

Such redundancy matters because "'[a] declaratory judgment action cannot be maintained [when] it parallels the other claims and merely seeks a declaration of the same rights and obligations.'" *Kleeberg v. Eber*, 2020 WL 4586904, at *16 (S.D.N.Y. Aug. 10, 2020), *on reconsideration in part*, 2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021) (*quoting Culwick v. Wood*, 384 F. Supp. 3d 328, 343 (E.D.N.Y. 2019) (internal quotation marks omitted) (collecting cases). The remedy to such redundant pleading is clear: "Where a district court has before it a declaratory judgment action and a direct action containing all of the issues in the declaratory judgment action, and decides the common issues in the direct action, it may exercise its discretion to dismiss the declaratory judgment complaint." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1100 (2nd Cir. 1993) plaintiff can obtain no relief from Count III that he would not already obtain from Counts I and II. Accordingly, the Court should dismiss Plaintiff's declaratory judgment claim.

23

## <u>CONCLUSION</u>

The Second Circuit has expressly held that plaintiffs have to plead specific facts, rather than just boilerplate cut-and-paste complaints, in order to have Article III standing to assert claims under Title III of the Americans with Disabilities Act. Plaintiff did not do so, and based on the foregoing, defendant DC ALPINE PARTNERS, LLC, d/b/a SWEATBLOCK respectfully requests that the Court grant its motion to dismiss Plaintiff MARIA POWELL's Complaint in its entirety.

Dated:   New York, New York
        July 6, 2026

Respectfully submitted,

By:   */s/* Michael Samuel
THE SAMUEL LAW FIRM
Michael Samuel (MS7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Defendant*

24

## CERTIFICATE OF COMPLIANCE

Pursuant to the Local Rules of the United States District Courts for the

Southern and Eastern Districts of New York

Your Affirmant certifies the word count of the Memorandum of Law, filed contemporaneously herewith, contains 7,318 words, excluding the parts exempted by the rule, and complies with the word count limit of Local Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. This word count was calculated by the word-processing system used to prepare the Memorandum of Law document.

By: */s/ Michael Samuel*
THE SAMUEL LAW FIRM
Michael Samuel (MS7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Defendant*

25